NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
F I L E D

SEP 2 6 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-06-KSF

HUMBERTO M. MARTINEZ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PETITIONER

VS: **MEMORANDUM OPINION AND ORDER**

IMMIGRATION SERVICE, ET AL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . RESPONDENTS

\* \* \* \* \*

This matter is before the Court on the parties' several motions, including the respondent's motion [Record No. 10], by counsel, to dismiss in part and transfer in part the *pro se* petition herein.

BACKGROUND

This §2241 proceeding had a tortured procedural history by the time it arrived in this Court, after transfer from the United States District Court for the Southern District of Florida, where it was Case No. 04-CV-22920. Upon screening the *pro se* petition, the Court traced the petitioner's several moves between detention facilities, which resulted in that colorful procedural history, and summarized the petitioner's allegations, including the following:

> Petitioner Martinez gives his date of birth as March 25, 1958, and states that he emigrated from Mexico to the United States when he was nine years of age. He has lived and worked in this country since then. . . .
>
> In his petition, verified and signed on November 9, 2004, the petitioner stated that he was currently serving the 24-month sentence [for his most recent illegal re-entry after deportation], and it would be completed on December 9, 2004. At that point, according to the petitioner, he would be released to the INS "for deportation removal proceedings."
>
> As to the petitioner's legal claims herein, he alleges that his 2002 removal hearing was constitutionally defective and in violation of his due process rights,

because the immigration judge did not notify Martinez that (1) the 1996 Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") could not be applied to him retroactively;[1] (2) Martinez was eligible for relief from removal under former Immigration and Naturalization Act §212(c), having fulfilled the conditions therefor at that time; and (3) he had a right of appeal from the immigration judge's ruling. Petitioner Martinez claims that therefore, he is entitled to a collateral review of his deportation order, the petitioner citing, *inter alia*, *Spinella v. Esperday*, 188 F.Supp. 535 (S.D. N.Y. 1960). Further, the petitioner asserts an *ex post facto* violation on the grounds that his deportation was used as a second punishment for the crime committed in 1990, and that the second punishment came more than 10 years later, after he had "re-established" his status as a lawful permanent resident.

Record No. 2 at 2-3. The Court quoted Petitioner Martinez, as to the relief requested, *i.e.*, that the "Court reverse the deportation order issued upon Martinez for his 1990 burglary conviction, and reinstate his status as a lawful permanent resident." *Id.* at 3. At the conclusion of the Order, the Court directed service of the petition on the government.

Before the time for the government's response, however, the law changed. On May 11, 2005, the REAL ID Act of 2005 ("RIDA") was signed into law. It lay jurisdiction for a case or any part of a case challenging a final immigration "order of removal, deportation, or exclusion" in the courts of appeals; further it directed that all such cases currently pending in the district courts be transferred to the appropriate court of appeals. Because Congress' recent product may divest it of jurisdiction over the petitioner's claims herein, the Court issued an Order directing that within 20 days, the respondent must "file his position on whether the REAL ID Act of 2005 applies to the instant habeas proceeding, in whole or in part, and if it does, in his opinion, then he shall also state his position as to the appropriate circuit for the transfer." Record No. 9.

On June 10, 2005, the respondent, the Secretary for Homeland Security, by and through

---

[1] The petitioner asserted that prior to the IIRIRA, his burglary conviction did not constitute an "aggravated felony" which would form the basis for deporting him.

Immigration and Custom Enforcement ("ICE"), filed as a response the current dispositive motion.

## RESPONDENT'S MOTION

In his motion [Record No. 10] filed June 10, 2005, the respondent asks the Court to transfer to the appropriate appellate court, the Eleventh Circuit, that part of the habeas petition challenging the petitioner's 2002 deportation/removal order; and to dismiss that part challenging ICE's authority, after a removal order, to detain the petitioner pending his removal from this country.

As to the request for transferring the removal proceedings, the respondent recounts the history and provisions of RIDA, which now mandate the transfer of all challenges to deportation proceedings to the appellate courts. Thus, he argues, this Court has no subject matter jurisdiction to review the removal order, even under its §2241 jurisdiction, and transfer of the instant challenge would be appropriate to the United States Court of Appeals for the Eleventh Circuit.

As to the petitioner's claim that his detention by ICE is illegal after completion of his federal sentence, the respondent informs the Court of several recent facts[2] before proceeding to arguing for dismissal of this claim. He explains that the petitioner was ordered deported, *in absentia*, on June 27, 2002, and was serving the sentence for his last illegal reentry at the time of the original filing herein. After Petitioner Martinez's release from his sentence, on December 10, 2004, ICE assumed custody; and on December 29, 2004, ICE deported him to Mexico. Therefore, the respondent argues that the custody issue has been mooted. Alternatively, even if the issue is not moot, his ICE custody pending removal was lawful, the respondent citing 8 U.S.C. §1231(a)(1) - (2).

---

[2] The respondent also attaches to his motion documentary exhibits relating to the petitioner and his history with immigration authorities.

3

## PETITIONER'S RESPONSE

After the filing of the respondent's motion, the petitioner filed a change of address and two motions [Record Nos. 17-18]. In the first motion, the petitioner begins by stating that he needs an extension of time for legal research and concludes by asking for "a stay of deportation" until he can establish his permanent resident status again. In the second motion, filed the same day, Martinez again complains of his difficulty in obtaining research and continues to beg that the Court release him in order for him to attend to his sick mother and resolve his legal status as a permanent resident alien.

After the Court issued an August 4, 2005 Order [Record No. 19] informing Martinez that it was considering granting the respondent's motion and granting him 20 days therefrom to file a response, the petitioner filed two additional motions [Record Nos. 20-21]. The petitioner argues in the first one that he is entitled to a §212(c) waiver on several grounds; and in the second, he complains that Florida violated his rights, and the instant matter should be transferred to the Eleventh Circuit for a decision.

## DISCUSSION

The petitioner's motions deserve little attention for several reasons. First, the petitioner has not included a certificate of service in any of the motions, despite having been instructed as follows:

> (6) For every further pleading or other document he wishes to submit for consideration by the court, the petitioner shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff/petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

4

Record No. 2 at 6-7, ¶6. Additionally, the relief which the petitioner requests in each instance is either unwarranted, contrary to the law, or mooted by the Court's conclusion that the respondent is entitled to the transfer and dismissal which he has sought in his motion. Even an extension of time for research opportunities for an incarcerated individual is not warranted when the movant states in the motion itself that he wants to research a matter over which the Court has no subject matter jurisdiction.

With regard to the respondent's motion, counsel correctly states the law with regard to the challenges to the petitioner's deportation hearing and resulting order of removal. RIDA,[3] effective on May 11, 2005, deprived this Court of jurisdiction over the petitioner's claim by amending the judicial review provisions of section 242 of the Immigration and Nationality Act ("INA"), to make a petition for review of a removal order in the court of appeals the sole means of review. *Inter alia*, RIDA contained the following jurisdictional provision:

> (5) EXCLUSIVE MEANS OF REVIEW. -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act

RIDA §§106(a)(1)(B), amending 8 U.S.C. §1252. Therefore, under RIDA, the courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion. Moreover, Congress explicitly provided that the RIDA provision requiring a district court to transfer any cases then before it to the appropriate court of appeals would take immediate effect upon enactment. Specifically, RIDA §§106(c) states:

---

[3]  Pub.L. No. 109-13, Div. B, 119 Stat. 231, 302.

> (c) TRANSFER OF CASES.-- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section.

*Id.* Further, RIDA sets the location for where a petition for review must be filed, *i.e.*, "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA §§242(b)(2).

Consistent therewith, this Court finds that it is without jurisdiction to entertain any of Petitioner Martinez's claims challenging the 2002 (or any other) decision of the immigration authorities to remove him from the United States. Moreover, transfer of challenges to immigration orders has been mandated for all such actions which were pending in the district courts on May 11, 2005. This includes the instant cause. The parties seem to agree that proper jurisdiction lies in the United States Court of Appeals for the Eleventh Circuit, since the removal Order challenged herein was issued in Miami, Florida, which lies within the territorial jurisdiction of the Eleventh Circuit Therefore, the instant challenge to the petitioner's underlying deportation proceedings/order shall be transferred to the Eleventh Circuit.

To the extent that the remainder of the instant petition for writ of habeas corpus challenges the legality of the petitioner's transfer to and subsequent two-week stay in ICE custody, such a claim may still be entertained under 28 U.S.C. §2241 by the district court for the district where the prisoner is located. Even so, however, and even if the petitioner continued to be held in the Eastern District of Kentucky to date, he has failed to state a claim upon which the Court may grant relief. The entire

removal scheme under the Immigration and Naturalization Act and under 8 U.S.C. §1231(a)(6), as amended and interpreted in *Clark v. Suarez-Martinez*, ___ U.S. ___, 125 S.Ct. 716 (2005), authorizes the detention of aliens who have been ordered removed, for 90 days initially and for up to a presumptively reasonable time of 6 months thereafter. *See* §§1231(a)(6).

Additionally, the release of a §2241 petitioner from the purported illegal custody moots the §2241 custody issue. As the Sixth Circuit has written, "Under Article III, [a court] 'may only adjudicate actual, ongoing controversies.'" *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." Nothing remains to be enjoined or declared improper herein. *See Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.), *cert. denied*, 113 S. Ct. 2416 (1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)). *See also Kellogg v. Shoemaker*, 46 F.3d 503 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 120 (1995). The release of the instant petitioner in Mexico on December 29, 2004 mooted the ICE custody issue raised herein.[4]

## CONCLUSION

Accordingly, for the foregoing reasons and the Court being otherwise advised, **IT IS HEREBY ORDERED** as follows:

(1)     The petitioner's motions [Record Nos. 17, 18, 20] are **DENIED**.

---

[4] In his motion, the respondent also informs the Court that on May 22, 2005, Martinez was once again apprehended while attempting to re-enter the United States. On June 8, 2005, he was indicted in the United States District Court for the Southern District of Texas, McAllen Division, for this latest re-entry. Therefore, to the extent he is still incarcerated there, his current custody is authorized by that court's order(s) and was never a subject of the instant proceeding in this Court.

7

(2) To the extent that the petitioner moves the Court for a transfer of his challenge to the 2002 deportation proceedings herein to the United States Court of Appeals for the Eleventh Circuit, his motion [Record no. 21] is **PARTIALLY GRANTED**, as stated below; but is **DENIED** in all other respects.

(3) The respondent's motion [Record No. 10] for transfer of the deportation claims to the United States Court of Appeals for the Eleventh Circuit AND for dismissal of the custody claim is **GRANTED**.

(4) The Clerk of the Court is therefore directed to transfer the portion of Martinez's petition challenging his 2002 removal order to the United States Court of Appeals for the Eleventh Circuit because the immigration judge completed Martinez's challenged removal proceedings at Miami, Florida, which lies within the territorial jurisdiction of the Eleventh Circuit.

(5) The portion of the petitioner's petition which claimed that his 2004 custody by ICE was illegal is **DISMISSED**.

(6) The instant petition for writ of habeas corpus is **DENIED**; the entire action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 26th day of September, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE

8